May it please the court, Maritha Conroy for the appellant. If I could reserve one minute of time for rebuttal. Are you with the Federal Defenders? I previously was years ago. I no longer am. That's why I asked you. That means you're in for a big fight. Go ahead. Your Honors, we're asking that this court reverse Mr. King's sentence and remand, and we're asking that for two reasons. In this case, the district court increased Mr. King's criminal history category based on over-representation from a 5 to a 6. In our appeal, we're asserting 1. First of all, the district court did not provide adequate notice in advance to Mr. King of this departure. And 2. That the grounds on which the district court relied were an impreventable basis for that departure. Now, to go back to the procedural history in this case, initially... Let me just get to my question on the notice issue. There was a revised pre-sentence report, a revised recommendation letter, and a supplemental sentencing position from the government. All occurred before the sentencing, and all of them suggested a departure and suggested it on the ground that was ultimately identified by the court. Why isn't that sufficient notice? Because the point of the notice is that you get to defend against it, and it was in front of you. So why isn't that sufficient? Well, I would disagree with you on one point. I agree that the subject of an increase in criminal history was raised in that revised probation report. And it was also addressed in the probation officer's letter. But what I disagree with is that there was not adequate notice, both factually and legally, of the grounds that the district court would be relying on. And so if you look at that revised probation letter, in that what probation said is they were recommending an increase in his criminal history, either based on that it substantially underrepresented his criminal history... Which is the basis that was used. Or the likelihood he would commit other crimes. They did not specify one or the other. But they specified both, so you were notified you had to defend against both or argue against both. And I would say that that was the ground. And then they referenced his extensive criminal history in the accompanying letter. Which leans towards the ground that was actually used. Legal grounds is what I essentially am differentiating this. Because when you look at what the district court actually did, there were essentially four things the district court relied on. They referenced his long history of arrests and crimes, some of which scored and some of which did not. Which was referenced in the PSR, right? And the supplemental letter. You could potentially argue that those two were more or less the same thing. District court also relied on the use of aliases. The district court also relied on crimes of violence without any specificity as to the particular offense of conviction that it was relying on. And the district court referred to... Well, there were quite a few to choose from. But that is exactly my point, why notice should be given. If counsel is to be given the opportunity to refute whether it's reliance on a history... So your position is that notice, wherever and whenever it comes from, has to be so specific as to say, we think your criminal history is underrepresented. And specifically, we're talking about the following 18 crimes. Does it have to include the second piece to be adequate notice within the requirements? To a certain extent, I do think so. I don't know if simply saying we're going to rely on all 18 of your crimes would be a permissible basis in itself. But for example here, let's say the district court was referring in its sentencing to his crimes of violence. In that case, in advance, the district court simply could have said years ago at age 15, when Mr. King was a juvenile, there was a crime of violence. Well, they could have. The question is whether it's fatally defective not to do it. Well, I think it puts defense counsel at a significant disadvantage in terms of being given the opportunity to air and address the concerns of the district court. Why would that be? If the crimes of violence, those crimes are actually in the PSR, they're laid out, the whole criminal history, certainly defense counsel had available to him or her the potential universe of crimes to talk about. So what's the surprise? Well, for example, there was some dispute over the vehicular manslaughter conviction, which ultimately the parties agreed it was not a crime of violence. However, assuming that that was maybe what the district court was referencing, because they did reference injuries and death in his sentencing speech. Perhaps the police report could have been obtained from that, witnesses interviewed. Because when you actually look at the conviction, although Mr. King was under the influence, the way the PSR reads is that they were actually hit by another vehicle. And so perhaps there could have been some mitigation presented. Do you want to also address the substantive concern that you have? Why, in your view, the grounds that were given, the explanation was an abuse of discretion? I do. The first ground that the district court relied on was they referenced Mr. King's decades-long history of arrests and crimes, some of which scored and some of which did not. And essentially it's impossible to tell from that whether that was in fact a permissible basis, because of the fact that he relied on some convictions which scored and some which did not, although he did not specify which particular conviction. But isn't that the whole point of saying that it's underrepresented if some of them scored and some of them didn't? That's kind of by definition. But we need for him to articulate specifically, I guess if we go back to 4A1.3. What case can you rely on that requires the kind of specificity in the court's explanation that you're calling for? Well, in terms of that particular fact right there, where he's relying on arrests and crimes, there are numerous cases to point the court toward. For example, you cannot simply rely on an arrest report alone. Or if he's relying on something that is a permissible basis for a departure and something that's an impermissible basis, which is what I'm saying that was, Nuno Parra, which is 877 F3rd 1409, that's a Ninth Circuit case from 89, says that when the court relies on something that's permissible and impermissible, the court needs to vacate and remand. Would that apply in our post-Booker era where there is, my understanding, is unitary review for departures and variances? That is, once you calculate the guidelines properly, that whether you label it a departure or a variance, or you mislabel it one or the other, this court is now held, it doesn't matter how it's styled, we still review for overall reasonableness under the 3553 factors. I still would submit that under, if you were reviewing it under that standard, the sentence itself is procedurally unreasonable because the district court failed to adequately explain the basis for its sentence. All right, so even under 3553, you're saying there's inadequate explanation. Correct. Should we ask for more continuance? Defense counsel at the time objected to the court's proposed increase in criminal history but did not request a continuance. Because, I mean, his background is like a book, you know, a lot of stuff there. It's going on since he was a juvenile all the way through. So I haven't seen a report this extensive in a long time. I agree with Your Honor, there was a lot of stuff going on, but I believe that there was a lot of stuff in two different manners. There was the criminal side, and then if you also read the PSR in terms of the abuse that Mr. King suffered as a child, the subsequent mental health problems that developed shortly thereafter, the diagnosis he's experienced, I do believe that counsel could have potentially provided some additional evidence if the court had been more specific in its focus. What you're now saying is really for some later proceeding on ineffective assistance of counsel. That's not what we're here for. No, I think I'm establishing more that the sentence could have been different, essentially. Had adequate notice been provided, and had there been a permissible basis for the court to increase his criminal history. The other factors, going back to your earlier question, the court characterized him as a serial criminal. Well, I would submit to you that anyone in a Category 5 is a serial criminal. So, under the standard, how does that differentiate Mr. King from anyone else in a criminal history Category 5? I just don't think that the district court's level of specificity there was what this court looks for. The district court also simply referenced crimes of violence. But again, there was never any reference to particular convictions. And I believe the one crime of violence in Mr. King's criminal history occurred when he was 15 years old. What case supports your proposition that that level of specificity is required, not under the guideline departure analysis, but under the general 35-53 factors? I don't know if this court has actually addressed it in the context of the post-Booker world. If you go back to United States v. Wells, which is 878 F. 2nd, 1232, and that's a Ninth Circuit case from 1989, this court goes into a discussion regarding the level of specificity required to demonstrate why someone in a certain criminal history category should be increased to another criminal history category. I don't believe there is a case by this court post-Booker that has addressed that though. Why don't we hear from the government? Thank you, Your Honor. May it please the Court, good morning. My name is Amanda Liskam, and I represent the United States. The district court in this case did not abuse its discretion in imposing a one-level upward departure based on the inadequacy of defendant's criminal history. The sentence the district court imposed was overall substantively reasonable in light of the facts and the circumstances in this case. Namely, this defendant was convicted of selling approximately $500 worth of crack cocaine. He has approximately 12 narcotics-related convictions and arrests, approximately 8 arrests for violent crimes, and 9 convictions which did not score in the defendant's criminal history calculation. In addition to that, he has 20 other additional arrests. The PSR and the probation's recommendation letter, as well as the government's sentencing position, also outline the fact that there are references to the defendant's gang affiliation, multiple parole violations, and failures to appear. Therefore, the sentence of 67 months imposed by the district court was wholly reasonable. Was it error for the sentencing judge to rely on arrests which did not carry any convictions? I don't believe that the court specified that it was relying on arrests. I think that is a factor that the court can determine or evaluate in determining the criminality of a defendant, just like the use of aliases, his failures to appear, and whatnot. I don't believe that Judge Matz in this case specifically stated that he was relying on arrests as a basis for his upward departure. Did the defendant or his counsel ever assert that the arrests were unfounded, that is that the underlying conduct had not occurred? Because that's a factor in one of our cases from 10 years ago or 20 years ago. I don't believe that argument was made by either defense counsel or defendant. I don't believe any objections were made to any of the, I guess, criminal history or any of the reports of criminal history in the defendant's PSR, and no objection was made at sentencing. Further, going back to the reasonableness of the sentence, the grounds that the court relied on were adequate grounds to justify the upward one-level departure. Defendant cites the, as an adequate basis, the decades-long spans of arrests, the fact that the court termed the defendant a serial criminal, and also reference to crimes of violence and use of aliases. When the court went through its analysis of why it was departing upward in one criminal history category, it went through a qualitative analysis, which is required by this court in determining an appropriate sentence. Additionally, which is consistent with Application Note 8 of 4A1.2 of the sentencing guidelines, the court looked at both similar conduct, such as the defendant's numerous and repetitive narcotics offenses, and also looked at serious dissimilar conduct, such as the violent crimes that the defendant has been both arrested for and convicted of. And lastly, with respect to the district court's providing notice, the district court, in this case, did provide adequate notice of its intent to depart by one criminal history category in compliance with Federal Rule of Criminal Procedure 32H. In this case, not only did the PSR, the probation's recommendation letter, and the government's sentencing positions all lay out the specific grounds that justified the one-level upward departure, but the court also started the sentencing hearing by clearly explaining the exact reasons why it wanted to depart upward by one criminal history category. At that point, the court then turned to defense counsel and defendant and allowed them an opportunity to speak. At that point, and I believe the case law supports this, the defendant has not only been put on notice by the pre-hearing submissions, but the court started the hearing by clearly delineating so there would be no confusion whatsoever with why he was going up by one criminal history category. So based on the case law and precedent in this case, the defendant had adequate grounds for notice in this case. What about the sentencing judge's reliance on the use of aliases? That really wasn't, at least the supplemental PSR didn't really raise that as grounds for upward departure. Is that a problem? I don't believe that it is. It is just one of the many grounds that the court relied on as a basis for its upward departure. I would submit that even if it were an issue because it was a ground, that the defendant did have notice of it and that it was in both the PSR and the revised PSR. I believe it's either page two or page three lays out all the aliases of the defendant. And then also, again, because the court delineated that as one of the grounds for an upward departure at the outset of the sentencing hearing, that at that point the defendant was on notice. And if this for some reason came to the defendant as a surprise under iris area, that he had no idea that he was going to be held accountable for the use of, I believe it's six different aliases, at that point defense counsel could have asked for continuance in order to adequately prepare for that. And that did not happen here. Okay. We've got your argument well in hand. Thank you, Your Honor. Any rebuttal? I just wanted to point out that in both the government's brief and an oral argument today, the government attempts to list for this court specific convictions or theories as to why the departure was justified. But if we go back to the actual sentencing transcript of the hearing itself, whether reviewing this under a 3553 reasonableness standard or this court's post or pre-booker analysis, the district court's reasoning was simply inadequate. It failed to specify the specific events in Mr. King's criminal history that justified the increased criminal history departure. All right. Thank you. We understand your argument. Thank you. And this matter is also submitted. And we'll now go to item number four, due versus all state insurance companies. That was submitted on the briefs. That's submitted? Yes. All right. And five is submitted. Now we come to our bankruptcy case.
judges: Chen, Pregerson, Graber